UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Keystone Retaining Wall Systems, Inc. Civil No. 00-496-RHK/SRN

Plaintiff,

vs.

Rockwood Retaining Walls, Inc.,

Defendant.

**STIPULATION AND ORDER PROTECTING CONFIDENTIALITY OF DISCOVERY MATERIALS**

WHEREAS, thc partics to this action anticipate the exchange of business and financial information through discovery, which information is otherwise treated as confidential by the parties; and

WHEREAS, disclosure of such information to persons not parties to this action might result in damage to one of the parties.

It is hereby STIPULATED AND AGREED by the undersigned attorneys, subject to the Court's approval, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of confidential information in these proceedings:

1. The term "Confidential Information" shall mean information which the designating party or a designating non-party deems to constitute trade secrets or other confidential research, development or commercial information which is not publicly known

FILED NOV 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and which cannot be ascertained from an inspection of publicly available documents and materials.

2. "Producing Person" or "Designating Person" shall mean a party to this action or third party witness (including counsel for the party or witness) who requests the protections provided by this Order, who is producing information pursuant to any discovery request.

3. "Receiving Party" or "Non-Designating Party" shall mean the party hereto who is the recipient of information supplied by the producing or designating person.

4. "Designated Counsel" shall mean the attorneys and employees of Dorsey & Whitney LLP for plaintiff Keystone Retaining Wall Systems, Inc., and the attorneys and employees of Moore & Hansen for defendant Rockwood Retaining Walls, Inc.

5. Any deposition testimony, document or thing, including discovery in documentary form, such as responses to interrogatories, responses to document requests, and responses to requests for admissions, and all information derived from inspection of files and facilities pursuant to discovery herein, may be designated by the Producing Person and marked “CONFIDENTIAL” or “CONFIDENTIAL - DESIGNATED COUNSEL ONLY” at the time of production if the Producing Person believes that the matter produced contains Confidential Information.

6. Documents and things designated "CONFIDENTIAL" may only be disclosed to:

a. Designated Counsel as defined in paragraph 4 above;

b. Directors, officers and employees of the parties whose duties require them to assist Designated Counsel to prepare for trial;

c. Independent experts and consultants retained by Designated Counsel in this action, provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing a document in the form attached hereto as Exhibit A;

d. Any person who has been called to provide testimony by deposition provided such person has agreed in writing to abide and be bound by the terms of this Protective Order by executing a document in the form attached hereto as Exhibit A, except that regardless of whether such deponent agrees to sign Exhibit A, such Confidential Information or document may be disclosed to such person at their deposition if:

(i) The deponent is listed as an author, addressee, or recipient on the face of a document designated "CONFIDENTIAL;"

(ii) The Confidential Information or document was produced by or obtained from said deponent; or

(iii) Upon order of the Court for good cause shown;

e. The Court, its personnel and members of the jury; and

f. Court reporters.

7. No person receiving Confidential Information designated "CONFIDENTIAL" under this Order shall use such Confidential Information for any purpose other than for

purposes of this action, and shall not disclose such Confidential Information to any other person, without written consent of the designating party or further order of this Court. No person receiving any Confidential Information designated "CONFIDENTIAL -- DESIGNATED COUNSEL ONLY" under this Order shall use such Confidential Information for any purpose other than for purposes of this action and shall not disclose such Confidential Information to any other person, without written consent of the Designating Person or further order of this Court.

8. Information marked "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" shall mean information that a Producing Person or Designating Person reasonably believes would cause competitive harm to that Producing Person or Designating Person if disclosed. Documents and things designated "CONFIDENTIAL - DESIGNATED COUNSEL ONLY" shall be disclosed only to:

a. Designated Counsel as defined in paragraph 4 above;

b. Experts and consultants retained by Designated Counsel in this action;

c. The Court, its personnel and members of the jury; and

d. Court reporters.

9. Prior to disclosure of information marked "CONFIDENTIAL" or "CONFIDENTIAL - DESIGNATED COUNSEL ONLY" to experts or consultants, as listed in 6(c) and 8(b) above, Designated Counsel shall disclose in writing to the Designating Person the identity of each expert or consultant retained by Designated Counsel in this action to whom Designated Counsel wishes to disclose "CONFIDENTIAL" or

"CONFIDENTIAL - DESIGNATED COUNSEL ONLY" information produced by the Designating Person. The Designating Person shall provide a written response within ten (10) business days as to whether they approve or disapprove of disclosure to that expert or consultant, and such approval shall not be unreasonably withheld.

10. Portions of deposition transcripts may be designated as "Confidential" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" information by any party to this action or by a third-party witness either (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the person wishing to make the designation receives the transcript. Pending the expiration of said thirty (30) days, all parties and persons shall presumptively treat the deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" information. If no portions of the transcript are designated as "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" information within said thirty (30) days, the transcript shall be considered not to contain any "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" information. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" if written notice is provided within said thirty (30) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded

from a deposition, or any portion thereof, before the taking of testimony which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" Information under this Protective Order.

11. All information subject to the provisions of this Protective Order, including deposition transcripts and papers filed or lodged with the Court, shall be filed under seal with a cover sheet bearing the caption of the action and containing the following notice:

> CONFIDENTIAL. The papers contained in this Envelope are subject to a Protective Order issued by Magistrate Judge Susan Richard Nelson. This Envelope is not to be opened or the contents revealed except in compliance with that Order or further Order of the Court.

12. No person or party shall disclose to anyone not specified in paragraph 6 or paragraph 8 hereof any Confidential Information designated under this Protective Order without prior written consent of the Designating Person or further order of this Court. Confidential Information disclosed pursuant to this Protective Order shall not be used by a recipient for any purpose other than for purposes of this action.

13. This Order shall be without prejudice to the right of any Non-Designating Party to bring before this Court at any time the question of whether any particular information is properly categorized. The burden of proving that information is properly designated pursuant to this Order shall be on the Designating Person.

14. The parties shall make every reasonable effort to mark every document and thing containing Confidential Information with the legends set forth in paragraph 5 hereof,

but the inadvertent failure to mark the legend on the document or thing, where notice has otherwise been given that it is Confidential Information, shall not exempt it from the provisions of this Protective Order.

15. Nothing herein shall be construed to limit in any way a party's use of its own Confidential Information.

16. This Order is intended to provide a mechanism for the handling of Confidential Information, the disclosure or production of which there is no objection to other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order, in any particular circumstance.

17. This Order may be amended without leave of Court in the form of a written stipulation of the parties that shall be filed in this case. This Order is intended to regulate the handling of Confidential Information during the pretrial period of this litigation but shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by Order of the Court.

18. Within sixty (60) days of final termination of this action, each Receiving Party shall be under an obligation to assemble and return to the Producing Person all documentary materials produced in this action that include "CONFIDENTIAL" or "CONFIDENTIAL – DESIGNATED COUNSEL ONLY" Information still subject to this

Order, including all copies of such Confidential Information which may have been made, provided that Designated Counsel may elect to destroy any such Confidential Information. Each Receiving Party may retain copies of pleadings, court filings, deposition and trial exhibits, attorney notes and other work product. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction or both, shall be certified in writing by the Receiving Party.

19. The parties and any other persons subject to the terms of this Protective Order agree that this Court shall have and shall retain, after this action is terminated, jurisdiction over it and them for the purposes of enforcing this Protective Order.

Dated: November 8, 2000

DORSEY & WHITNEY LP

By Dean C Eyler
J. Thomas Vitt (#183817)
Dean C. Eyler (#267491)
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

**Attorneys for Plaintiff**
**Keystone Retaining Wall Systems, Inc.**

Dated: November 8, 2000

MOORE & HANSEN

By [signature]
Malcolm L. Moore (#74,779)
2900 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 332-8200

**Attorneys for Defendant**
**Rockwood Retaining Walls, Inc.**

**ORDER**

Based on the stipulation of counsel for the parties, it is so Ordered.

Dated:

[signature]
Susan Richard Nelson
U.S. Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Keystone Retaining Wall Systems, Inc.

Plaintiff,

vs.

Rockwood Retaining Walls, Inc.,

Defendant.

Civil No. 00-496-RHK/SRN

I, ____________________________, hereby declare as follows:

1. My address is __________________________________________. My present employer is ________________________________, and the address of my present employment is _____________________________________________. My present occupation is ________________________________________.

2. I have received a copy of the Stipulation and Order Protecting Confidentiality of Discovery Materials ("Protective Order"). I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes expressly set forth in the Protective Order, any Confidential Information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

3. I will return all Confidential Information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, or will certify destruction thereof.

4. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare that the statements made by me above are true. I understand that if any of the statements made by me are willfully false, I am subject to punishment.

______________________________

(Signature)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.