**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**KEYSTONE RETAINING WALL SYSTEMS, INC.,**

**Plaintiff,**

**v.**

**ROCKWOOD RETAINING WALLS, INC., and GLS INDUSTRIES, INC., (a/k/a Great Lakes Silo),**

**Defendants.**

**Civil No. 00-496 (RHK/SRN)**

**ORDER**

---

Seth J. Sargent-Leventhal, Esq., on behalf of Plaintiff Keystone Retaining Wall System, Inc.

Malcolm L. Moore, Esq., on behalf of Defendants Rockwood Retaining Walls, Inc., and GAS Industries, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on August 1, 2001, on a motion by Plaintiff Keystone Retaining Wall Systems, Inc. to compel complete responses to its Interrogatory No. 12 and Document Request No. 29.

By way of background, this is an action which centers around

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.______
DEPUTY CLERK______

Plaintiff Keystone's patent covering the design of the front face of a concrete retaining wall block -- design patent no. 380,560 (the '560 patent), entitled "Three Faceted Broken Front Face of a Retaining Wall Block," and issued on July 1, 1997. Plaintiff Keystone submits that it is undisputed the Defendants Rockwood Retaining Walls, Inc., and GLS Industries, Inc., have manufactured or licensed the manufacture of retaining wall blocks with three faceted broken front faces throughout the term of Keystone's '560 patent. Defendant Rockwood licenses the manufacture of retaining wall blocks, known as the Classic, Legend, Cottage and Country Stone, with front faces that are three-faceted and with split-rock or "broken front face" textured appearance. Rockwood also provides manufacturing support, including the provision of molds into which concrete is poured to manufacture the blocks, but does not actually manufacture or sell the retaining wall blocks.

According to the Plaintiff, Defendant GLS is owned and run by the same principals who own and run Rockwood. GLS manufactures Rockwood blocks and sells them in and around Minnesota.

Soon after the issuance of Keystone's '560 patent, Defendant Rockwood sent a directive to its forty-five or so licensees – the authorized manufacturing dealers (AMDs) -- requiring the modification of the design for retaining wall blocks it licensed to them. See Declaration of Malcolm L. Moore, ¶¶ 2 and 3, Exhibits B and C; and Affidavit of Seth J. Sergent-Leventhal,

Exhibit 1, at pp. 85-87 (deposition of G. Price).

The Defendants have raised an infringement defense premised on their alterations of the dimensions of the three front faces of their blocks, which were allegedly accomplished in early 1998 by their AMDs.

Plaintiff Keystone's motion to compel discovery involves only Interrogatory No. 12 and Document Request No. 29. These discovery requests read as follows:

> **INTERROGATORY NO. 12:** As to the design referenced in Interrogatory No. 10, identify the dates that the new design went into production at each Rockwood AMD and identify documents for each AMD that substantiate the design change and the date the blocks with the new design went into production.
>
> **Document Request No. 29:** Identify and produce all documents that substantiate your answer to Interrogatory No. 12 (regarding date(s) that the new design referenced in Interrogatory No. 10 went into production at each Rockwood AMD).

Keystone contends that the Defendants have refused to make an effort to identify the precise dates of these alleged design changes, and have not produced a single document which fixes the date of any claimed changes in design. Furthermore, Plaintiff Keystone asserts that the Defendants have refused to even attempt to request this information from Rockwood AMDs. Keystone argues that unless the Defendants drop defenses premised on these alleged changes in design, Keystone is entitled to this discovery.

In its original answer to Interrogatory No. 12, Defendant Rockwood stated as follows:

> **ANSWER:** Defendant objects to this Interrogatory on the basis that its is overly broad and unduly burdensome.
>
> Without waiving the foregoing objection, Defendant states that it does not have information as to the particular dates on which the referenced new design went into production at each Rockwood AMD. Further, Rockwood does not have in its custody or control AMD documents relating to such a design change and the date when blocks with the so-called new design went into production at each AMD. To the best of Defendant's knowledge and belief, the new design went into production by the Rockwood AMDs within a month or two after the design change was announced in about February of 1998. The change to the dimensions of the three segments of the front face on each block required only a simple modification of the splitter knives or blades, which each AMD separately carried out.

See Plaintiff's Memorandum in Support of Motion to Compel Discovery at p. 4.

Rockwood submits that when counsel for Keystone expressed dissatisfaction with the original answer, Rockwood supplemented its response to Interrogatory No. 12 as follows:

> **SUPPLEMENTAL AND AMENDED ANSWER:**
>
> The original Answer to Interrogatory No. 12 is amended to state that to the best of Defendants' knowledge and belief, the so-called new design went into production by the Rockwood AMDs within a month or two after the design change was announced in late January and early February of 1999.
>
> GLS made the referenced design changes in

> early 1999 in time to implement the change on the Cottage Stone, Classic and Legend blocks for initial 1999 production in mid-April of that year. To the best of Defendants' knowledge and belief, the same is true with respect to all Rockwood AMDs.

See Moore Decl. ¶ 2, Exhibit B, pp. 3-4.

Defendant Rockwood's response to Document Request No. 29 was:

> **RESPONSE:** Defendant objects to this Request on the basis that it is overly broad and unduly burdensome. Without waiving the foregoing objection, Defendant states that it does not have in its custody or control documents of the type sought in this Request.

See Plaintiff's Memorandum in Support of Motion to Compel Discovery at p. 4. Keystone's counsel informed Rockwood that it did not find Rockwood's answer sufficient, and on June 19, 2001, Rockwood provided a supplemental response that included letters and drawings from Rockwood to its AMDs ordering them to implement design changes for the coming production year. See Moore Decl. ¶¶ 2 and 3, Exhibits B and C.

Rockwood contends that, based on the law applicable to the present case, it has, in good faith, provided Keystone with appropriate responses to the two discovery requests at issue. Rockwood submits that if information relative to the precise dates of the alleged design change is available, it is possessed by Rockwood AMDs, and Rockwood is under no obligation to obtain this information its licensees.

Plaintiff Keystone argues that the Defendants have shirked their

duty to make a reasonable effort to respond to Plaintiff's Interrogatory No. 12 and Document Request No. 29. Keystone criticizes the Defendants' refusal to contact their own licensees and simply inquire as to the dates of the design changes and request any documentary evidence supporting those dates, while at the same time raising the design changes as defenses in this lawsuit. Keystone asserts that the Defendants have the "practical ability" to obtain the requested information from its licensees, citing Prokosch v. Catalina Lighting, 193 F.R.D. 633, 636 (D.Minn. 2000) ("documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action."); Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992)("in practice the courts have sometimes interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.")

The Court notes that Exhibit C to the Moore Declaration is a copy of a letter dated February 1, 1999, to LEMAY CONCRETE BLOCK, a Rockwood AMD, requiring a change in the splitter blade knives for the Rockwood Classic and Rockwood Cottage Stone products for 1999. Mr. Moore attests that this is a sample of the letter which was sent to all Rockwood AMDs at that time. Plaintiff inquires however, as to whether there were any communications, written or oral, with any of the Rockwood AMDs subsequent to this February 1,

1, 1999 letter, which communications would be relevant to its claim that Rockwood induced infringement of a Keystone product.

The Court finds that the information Plaintiff Keystone seeks via Interrogatory No. 12 and Document Request No. 29 is relevant to the claims and defenses asserted in this lawsuit. In addition, with respect to any claims of inducement, the Court finds that any and all communications between Rockwood and its AMDs subsequent to Rockwood's February 1999 directive letters to its AMDs, if any, are relevant. Consequently, the Court suggested that the Defendants cooperate in obtaining this information from Rockwood AMDs or, in the alternative permit Keystone to obtain this information via subpoena. The Court directed counsel for the Defendants, Mr. Moore, to speak to his clients and ask if they would consider gathering this information from Rockwood AMDs and to inform counsel for Keystone, Mr. Sergent-Leventhal, of the Defendants' decision. The Court is confident that the able counsel involved here have arrived at a mutually satisfactory resolution of this issue.

Accordingly, Plaintiff's motion to compel is granted, although perhaps mooted by agreement of counsel in the interim.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Plaintiff's Motion to Compel Responses to Discovery (Doc.

No. 27) is **GRANTED** within the parameters set forth in the body of this Order.

Dated: August 28, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge