**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Keystone Retaining Wall Systems, Inc.,

Plaintiff,

v.

Civil No. 00-496 RHK/SRN
**ORDER**

Rockwood Retaining Walls, Inc., and GLS Industries, Inc., a/k/a Great Lakes Silo,

Defendants.

---

J. Thomas Vitt and Seth Leventhal, Dorsey & Whitney, L.L.P., Minneapolis, Minnesota, for Plaintiff.

Randall T. Skaar, Patterson, Thuente, Skaar & Christensen, P.A., and Malcolm L. Moore, Moore & Hansen, Minneapolis, Minnesota, for Defendants.

---

Before the Court is a September 4, 2001, letter from counsel for Defendants Rockwood Retaining Walls, Inc., and GLS Industries, Inc., a/k/a Great Lakes Silo requesting reconsideration of the Court's August 22, 2001, Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment of Non-infringement of the '560 Patent. Pursuant to this Court's request, counsel for Plaintiff Keystone Retaining Wall Systems, Inc., submitted a responsive letter dated September 7, 2001, opposing the request.[1]

---

[1] A copy of the Defendants' September 4, 2001, letter and Plaintiff's response are attached hereto.

FILED SEP 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

Local Rule 7.1(g) provides that "[m]otions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." Upon reviewing the letters from counsel, together with all of the files, records, and proceedings herein, the Court concludes that compelling circumstances which warrant a motion for reconsideration are not present. Accordingly, the Defendants' request for leave to bring a motion for reconsideration is hereby **DENIED**.[2]

Dated: September 10, 2001.

RICHARD H. KYLE
United States District Judge

[2] In its response to Defendants' request, Plaintiff suggests that if there is to be a reconsideration, the Court should correct its Order in a manner more favorable to Plaintiff. This request is likewise denied. The court notes that -- contrary to Plaintiff's contention -- it did not determine the points of novelty for the '560 patent as a matter of law. In its August 22, 2001, Memorandum Opinion and Order, the Court considered four points of novelty for the sole purpose of determining whether there were genuine issues of material fact.