**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Keystone Retaining Wall Systems, Inc.,** **Civil No. 00-496 RHK/SRN**

**Plaintiff,**

**v.**

**ORDER**

**Rockwood Retaining Walls, Inc., and**
**GLS Industries, Inc. (a/k/a Great Lakes Silo),**

**Defendants.**

---

J. Thomas Vitt, Esq. and Seth J. Leventhal, Esq., on behalf of Plaintiff.

Randall T. Skaar, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on September 20, 2001, on Defendants' Motion for a Protective Order (Doc. No. 59).

This Order addresses that motion.

## I. DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Discovery was scheduled to be completed in this matter on September 1, 2001, with a trial date of October 1, 2001. In its August 28, 2001 Order, the Court compelled Defendants to comply with Plaintiff's discovery requests. It stated,

> The Court finds that the information Plaintiff Keystone seeks via Interrogatory No. 12 and Document Request No. 20 is relevant to the claims and defenses asserted in this lawsuit. In addition, with respect to any claims of inducement, the Court finds that any and all communications between Rockwood and its AMDs subsequent to Rockwood's February 1999 directive letters to its AMDs, if any, are relevant.

SEP 20 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff learned from an August 29, 2001 deposition, that at least one of Defendants' licensees never implemented the design change that Defendants intend to assert as a defense at trial. In addition, Plaintiff learned that Defendant's information was inaccurate concerning what percentage of its licensees sales corresponded to each of its products. Plaintiff subsequently issued subpoenas and notices of depositions to 51 of Defendants' licensees. Plaintiff sought both the information originally sought by Interrogatory No. 12 and Document Request No. 29 and additional information concerning the above-mentioned percentage of sales.

Defendants acknowledge the relevance and discoverability of this information. However, they contest the timing of the subpoenas and depositions, arguing that cross examinations and redirect examination provided for in Fed. R. Civ. P. 31, will extend this discovery process past the current October 1 trial date. Defendants explain that they will be unable to adequately conduct their own responsive discovery and prepare for trial in the time between the completion of these depositions and the trial date. Defendants also contest the scope of the subpoenas and depositions, arguing that they exceed the information sought by Plaintiff's initial Interrogatory No. 12, and Document Request No. 29.

Plaintiff argues that the information sought by these subpoenas and depositions is so critical, that a fair trial cannot proceed without it. In addition, Plaintiff states that it is proceeding with this discovery as quickly as possible, and that its current method will likely produce this information by the end of the week of September 24.

The Court denies Defendants' motion. The information currently sought is highly relevant, and essential to a fair trial. Therefore, Plaintiff should be permitted to discover it. The

Court also acknowledges Defendants' concern for its own adequate trial preparation. Hence, both parties will be permitted to notify the Court if additional discovery is necessary, as a result of these subpoenas and depositions.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion for a Protective Order (Doc. No. 59) is **DENIED**

Dated: September 20, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge