UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Keystone Retaining Wall Systems, Inc.,

Plaintiff,

v.

Rockwood Retaining Walls, Inc., and GLS Industries, Inc. (a/k/a: Great Lakes Silo),

Defendants.

Civil File No. 00-496-RHK/SRN

**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE**

The above-captioned lawsuit has been settled, and pursuant to the terms and conditions of the settlement, the parties stipulate and agree that the Court may dismiss the lawsuit with prejudice. The parties also agree that this Court shall retain jurisdiction over the settlement agreement as provided for by Schaefer Fan Co. v. J&D Manufacturing, Inc., 2001 WL 1021053 (Fed. Cir. Sept. 7, 2001) and Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: October 18, 2001

DORSEY & WHITNEY LLP

By J. Thomas Vitt

J. Thomas Vitt #183817
Seth J. Sergent-Leventhal #263357
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-5675

Attorneys for Plaintiff
Keystone Retaining Wall Systems, Inc.

FILED NOV 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

Dated: October __, 2001

PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.

By [signature]
Randall T. Skaar, Esq. #165013
4800 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Telephone: (612) 349-5740

Attorneys for Defendants

Accordingly, the Court dismisses the lawsuit with prejudice but, pursuant to the terms and conditions of the settlement of this matter, retains jurisdiction over the settlement agreement concerning enforcement of the terms and conditions therein, pursuant to Schaefer Fan Co. v. J&D Manufacturing, Inc., 2001 WL 1021053 (Fed. Cir. Sept. 7, 2001) and Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: ~~October~~ November 2, 2001

By [signature]
Hon. Judge Richard H. Kyle
U.S. District Court, D. Minn.

# SETTLEMENT AGREEMENT

Plaintiff Keystone Retaining Wall Systems, Inc. ("Keystone"), Defendants Rockwood Retaining Walls, Inc. ("Rockwood") and GLS Industries, Inc. ("GLS"), and the principals of Rockwood and GLS, Ray Price and Jerry Price, enter into this Settlement Agreement effective on October 15, 2001.

Whereas, Keystone owns United States Patent Des. 380,560 (the '560 Patent) and has sued Rockwood and GLS for infringement in a case captioned Keystone Retaining Wall Systems, Inc. v. Rockwood Retaining Walls, Inc. and GLS Industries, Inc., Civil File No. 496-RHK/SRN (D. Minn.).

Whereas, Rockwood and GLS have denied and continue to deny infringement of the '560 Patent.

Whereas, Keystone, Rockwood, GLS, and the Prices have agreed to this settlement to resolve Keystone's claims of patent infringement.

Now therefore, for good and valuable consideration as recited herein, the sufficiency of which is hereby acknowledged, Keystone, Rockwood, GLS, Ray Price, and Jerry Price agree as follows:

1. SETTLEMENT PAYMENTS.

(A) Rockwood and GLS are jointly and severally obligated to pay Keystone a total of $300,000 as an initial payment in settlement of the lawsuit. Payment will be made by a cashier's check or certified check to be delivered to William Dawson at Keystone's corporate office, 4444 West 78th Street, Minneapolis, MN 55435, on or before December 1, 2001.

(B) Rockwood and GLS are also jointly and severally obligated to pay Keystone 24 monthly payments of $11,000 per month, with the first payment due on or before February

FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

10, 2002. Payment shall be made by delivery of a check for $11,000 payable to Keystone on or before the tenth day of each month for 24 months, beginning in February, 2002. The check shall be delivered to William Dawson at Keystone's corporate offices, 4444 West 78th Street, Minneapolis, MN 55435.

2. SECURITY FOR SETTLEMENT PAYMENTS

(A) Rockwood and GLS shall each execute and deliver a confession of judgment, in the form attached as Exhibit 1, to Keystone's counsel at the same time that they deliver a signed original of this Settlement Agreement. If any of the settlement payments called for in Paragraph 1 of this Settlement Agreement are not made in a timely fashion, and if the default is not cured within thirty days of notice of the default, Keystone or its agent may enter judgment pursuant to the confessions of judgment for the entire unpaid balance, as set forth in Exhibit 1. Notice of default may be given by facsimile or mail, to either Ray Price or Jerry Price, at Rockwood Retaining Walls, Inc., 7200 North Highway 63, Rochester, MN 55906.

(B) The settlement payments called for by Paragraph 1 shall become a personal liability of Ray Price and Jerry Price, upon the occurrence of the following conditions: (1) Default by Rockwood and GLS, and failure by Rockwood or GLS to pay all amounts due and owing within 90 days of entry of the confession of judgment called for by Paragraph 2(A); and (2) The continued involvement of Ray Price or Jerry Price or any of their immediate family members in the segmented retaining wall block business.

3. COTTAGE STONE/COUNTRY STONE DESIGN CHANGE

Rockwood and GLS agree that they have changed or will change the front face design of the retaining wall blocks known as Rockwood Cottage Stone or Country Stone (or any similar blocks they may market and sell, whether known by those marketing names or by some other

name), so that the front face has a rounded surface, as depicted in the Cottage Stone III block produced during the lawsuit. GLS hereby represents and warrants that it has already made that design change, and is no longer producing any Cottage Stone/Country Stone blocks other than those with the rounded front face design. Rockwood hereby represents and warrants that it has instructed all of its authorized manufacturing dealers (AMDs) to make that design change, and will use best efforts to insure that the design change is implemented by all AMDs as soon as is practicable. Rockwood will insure that all of its AMDs will manufacture Cottage Stone/Country Stone solely using that design change by February 1, 2002, and will provide a certification to that effect in the form attached as Exhibit 2. Rockwood and GLS agree that this design change will remain in effect for GLS, Rockwood, and all Rockwood AMDs through February 1, 2004, and that GLS, Rockwood, and all Rockwood AMDs will not manufacture any Rockwood Cottage Stone/Country Stone blocks with a three-plane split design until after February 1, 2004.

4. RELEASE OF CLAIMS

Keystone does hereby release, acquit, and forever discharge Rockwood, GLS, and Ray and Jerry Price, and their respective shareholders, officers, directors, successors, and assigns, from any and all claims of infringement of Keystone's '560 Patent, including but not limited to all claims that were or could have been asserted in the lawsuit titled Keystone Retaining Wall Systems, Inc. v. Rockwood Retaining Walls, Inc. and GLS Industries, Inc., Civil File No. 496-RHK/SRN (D. Minn.).

Rockwood and GLS do hereby release, acquit, and forever discharge Keystone, and its shareholders, officers, directors, successors, and assigns, from any and all claims that were or could have been asserted in the lawsuit titled Keystone Retaining Wall Systems, Inc. v.

Rockwood Retaining Walls, Inc. and GLS Industries, Inc., Civil File No. 496-RHK/SRN (D. Minn.).

5. DISMISSAL OF THE LAWSUIT

Keystone, Rockwood, and GLS agree to cooperate in dismissing the lawsuit with prejudice within thirty days after execution of this Settlement Agreement by all parties, by filing a stipulation for dismissal in the form attached as Exhibit 3. Keystone, Rockwood, and GLS agree that the Court shall retain jurisdiction to enforce the terms of this Settlement Agreement, as provided for in the stipulation for dismissal attached as Exhibit 3.

6. MISCELLANEOUS

(A) This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota.

(B) Each of the signatories to this Settlement Agreement warrant that they have carefully read and understood this Settlement Agreement and the attached Exhibits, and that they have had the full opportunity to receive independent legal advice concerning the Settlement Agreement and the attached exhibits.

(C) This Settlement Agreement constitutes the entire agreement between the parties and supersedes all prior negotiations, understandings and agreements whether written or oral. No part of this Settlement Agreement may be varied except by a writing signed by each of the parties to this Settlement Agreement.

(D) The invalidity of any provision of this Settlement Agreement shall not impair or affect the validity of the remaining portions hereof, and this Settlement Agreement shall be construed as if such invalid provision had not been included.

(E) The signatories each warrant that each has the authority to execute this Settlement Agreement and to make the representations contained herein.

(F) This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the parties.

(G) The terms of this Settlement Agreement shall be kept confidential by the parties, and shall not be disclosed to any third party except the attorneys for the parties, the accountants for the parties, to the extent necessary, or as otherwise required by the Court or by law. Notwithstanding the foregoing, the parties may also disclose the fact that there was a monetary settlement (without disclosing the amount) and the agreed-upon design change to their respective licensees or authorized manufacturing dealers.

(H) The parties participated in jointly drafting this Settlement Agreement. For purposes of construction of the meaning of this Agreement, none of the parties should be considered as the author. The Agreement shall not be construed unfavorably against any party based upon authorship of the Agreement.

(I) This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: 10/26/01

ROCKWOOD RETAINING WALLS, INC.

By [signature]
Its President

Dated: 10/29/01

GLS INDUSTRIES, INC.

By [signature]
Its Vice President

Dated: 10/29/01

[signature]
Ray Price

Dated: 10-26-01

[signature]
Jerry Price

Dated: 10/15/01

KEYSTONE RETAINING WALL SYSTEMS, INC.

By [signature]
Its President

**CONFESSION OF JUDGMENT**

Rockwood Retaining Walls, Inc. ("Rockwood") and GLS Industries, Inc. ("GLS") execute this Confession of Judgment pursuant to Minn. Stat. § 548.22, and for such purpose state, confess, and agree as follows:

1. Rockwood and GLS acknowledge that the sum of $564,000 is due and owing from Rockwood and GLS to Keystone Retaining Wall Systems, Inc. ("Keystone"), as agreed to in that Settlement Agreement between the parties dated October 15, 2001.

2. The Settlement Agreement calls for payment of $300,000 by December 1, 2001, and also calls for 24 monthly payments of $11,000 beginning in February, 2002.

3. In the event that Rockwood and GLS default with respect to any payment to be made pursuant to the Settlement Agreement, and should Rockwood and GLS fail to cure that default within thirty days of notice of the default, Rockwood and GLS hereby authorize and appoint any attorney designated by Keystone to appear in any court of competent jurisdiction in Minnesota and confess judgment against Rockwood and GLS in an amount equal to the entire remaining indebtedness owed to Keystone, plus any reasonable attorneys' fees associated with obtaining the confession of judgment and collecting on the judgment. Rockwood and GLS waive issuance and service of process, and consent to and authorize immediate execution on any such judgment.

4. Notice of default may be provided by facsimile or mail to Rockwood and GLS.

**EXHIBIT 1**

5. The failure of Keystone to enforce this Confession of Judgment at any time shall not constitute a waiver of its right to do so at a subsequent time.

Dated: 10/26/01

ROCKWOOD RETAINING WALLS, INC.

By ________________
Its President

Subscribed and sworn to before me
this 26th day of October, 2001.

JEAN A. WITTLIEF
Notary Public — Minnesota
My Comm. Exp. 01/31/2006

________________
Notary Public

Dated: 10/26/01

GLS INDUSTRIES, INC.

By ________________
Its Vice President

Subscribed and sworn to before me
this 26th day of October, 2001.

JEAN A. WITTLIEF
Notary Public — Minnesota
My Comm. Exp. 01/31/2006

________________
Notary Public

**CERTIFICATION**

The undersigned hereby certifies, under penalty of perjury under the laws of the United States, that GLS and all of Rockwood Retaining Walls, Inc.'s authorized manufacturing dealers ("AMDs") have made or will make the design change called for by Paragraph 3 of the October 15, 2001 Settlement Agreement, and that GLS and all of Rockwood's AMDs will manufacture Cottage Stone/Country Stone blocks solely using that design change on and after February 1, 2002 until at least February 1, 2004.

**EXHIBIT 2**